**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 11, 2005**

**TENTH CIRCUIT**

JOHNNY RODRIQUEZ,

      Petitioner-Appellant,

v.

PATRICK SNEDEKER, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 04-2161
(D.C. No. CIV-03-1347 RB DJS)
(New Mexico)

**ORDER**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Johnny Rodriguez applies *pro se* for a certificate of appealability (COA) of

the district court's denial of his petition for a writ of habeas corpus under 28

U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we see no

basis for an appeal, deny a COA, and dismiss the appeal.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Rodriguez is not required to prove the merits of his case in his application for a COA, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id.* at 338 (internal quotations and citation omitted).

Mr. Rodriguez pled guilty to two counts of possession of a controlled substance in New Mexico state court and was convicted by a jury of trafficking the controlled substance of heroin. He also admitted to previously being convicted of four felony crimes. He was classified as an habitual offender and sentenced to nineteen years imprisonment. His conviction was affirmed on direct appeal. He then petitioned the federal district court for post-conviction relief,

raising 1) insufficiency of evidence to support his conviction for trafficking heroin, 2) improper admission of statements that he trafficked heroin, and 3) erroneous admission at trial of evidence of three prior felony convictions. The magistrate judge proposed findings and recommended that the petition be dismissed. Mr. Rodriguez filed objections, but the district court adopted the magistrate judge's recommendation and dismissed the petition.

Mr. Rodriguez contends the state failed to produce sufficient evidence that he trafficked heroin. The New Mexico Court of Appeals upheld the conviction because there was testimony from an undercover officer that he sold heroin to Mr. Rodriguez. Reviewing the record, the court of appeals found that all the substantive elements of the crime of trafficking were proven at trial beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (relevant question is whether, viewing evidence in light most favorable to prosecution, any rational trier of fact could find all essential elements proved beyond a reasonable doubt). The magistrate judge correctly concluded that the state court's decision was proper under federal law, and that the conviction was based on sufficient evidence. In a related contention, Mr. Rodriguez asserts the trial court erred in permitting into evidence statements that he trafficked heroin when he in fact was merely a user, and that the state "use[d] statements of so called officials to fabricate evidence." Because he provided no further information in support of

his allegation, the magistrate judge found that his argument was conclusory and insufficient to support his claim, a conclusion with which we agree.

Mr. Rodriguez also contends the trial court erred in admitting evidence of three prior felony convictions, for drug possession, trafficking, and racketeering, and as a result the jury was tainted against him in violation of due process and equal protection. Mr. Rodriguez testified at trial. The trial court permitted the admission of his prior convictions but not the nature of the convictions. It instructed the jury that the convictions should only be considered for the limited issue of his credibility. The court of appeals held the trial court had properly weighed the probity of the evidence versus its prejudicial value as it was required to do under state law. It agreed that the prior convictions were relevant to Mr. Rodriguez's credibility, which was a central issue in the case.

Noting that federal courts have "long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions," *United States v. Haslip*, 160 F.3d 649, 654 (10th Cir. 1998), the magistrate judge concluded the state court's decision was not contrary to established federal law. Because we are reviewing a state court evidentiary ruling, we may not grant habeas relief unless the ruling renders "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Cummings v. Evans*, 161 F.3d

-4-

610, 618 (10th Cir. 1998) (internal quotation omitted). "[W]e will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir. 1989), *overruled on other grounds by Sawyer v. Smith*, 497 U.S. 227 (1990). In light of the importance of Mr. Rodriguez's credibility and the state court's limitations regarding the nature of the prior convictions and the narrow purpose for which they could be considered, we are satisfied that the ruling on balance was not contrary to federal constitutional law.

Mr. Rodriguez also contends his Fourth and Fifth Amendment rights were violated because the investigation in his case "starte[d] through another person" and the officers should have obtained permission to investigate him instead. He raised these issues in his response to the state's motion to dismiss this petition below, and in his objections to the magistrate judge's findings and recommendation, but they were not addressed by the magistrate judge or the district court. He also maintains the district court failed to consider his addiction to heroin. These allegations are conclusory and unsupported, and we are thus unable to consider them. *See Hall v. Bellmon*, 935 F.2d 1106, 1113-14 (10th Cir.

1991).[1]

We have carefully reviewed the record of these proceedings, the magistrate judge's proposed finding and recommendation, and the order of the district court. We conclude that reasonable jurists would not debate the district court's resolution of the constitutional claims presented. We therefore **DENY** Mr. Rodriguez's request for a certificate of appealability, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]Mr. Rodriguez also raises the new argument that he was unlawfully searched and arrested. We will not consider on appeal issues not raised or addressed below. *See Walker v. Mather*, 959 F.2d 894, 896 (10th Cir. 1992). Moreover, Mr. Rodriguez provides no facts which would support these claims.